IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ZHENLU ZHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:11cv942 (LMB/IDD) |
| | ) |
| ROLLS-ROYCE, SEAWORTHY | ) |
| SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

Plaintiff Zhenlu Zhang ("Zhang"), acting pro se, has filed a pleading entitled "Motion for Reconsideration to Cite Supreme Court's Ruling or Federal Law Denying EEOC'S Illustration of 'Who Is An Employee' or to Grant Mediation for the Case" (hereinafter, "Motion for Reconsideration") [Dkt. No. 44], in which he challenges the Court's decision to grant the defendant's Motion for Judgment on the Pleadings [Dkt. No. 42]. Among the bases for the dismissal of the complaint was the Court's finding that the plaintiff lacked standing to bring an age discrimination claim against the defendant because the plaintiff was not the defendant's employee; instead, he was a temporary independent contractor hired by a staffing company and assigned to the defendant for a brief duration.

The plaintiff argues that an EEOC manual offering an example of who qualifies as an employee covers his relationship

with the defendant and that the Court should have found, based on that EEOC example, that the plaintiff was an employee of both the staffing company and the defendant. The plaintiff also complains that the Court did not cite to any United States Supreme Court case law to support its conclusion and asks that "[i]f for some reason the Supreme Court's ruling or Federal Law denying EEOC illustration of 'Who Is an Employee' could not be found and cited by Defendant and The Court, Plaintiff respectfully request [sic] Honorable Judge to reconsider not to dismiss the case and to grant mediation to peacefully and smoothly solve the Complaint for this case . . . ." [Dkt. No. 44 at 3]. The defendant has filed an opposition to the plaintiff's motion [Dkt. No. 46].

For the reasons stated below, the plaintiff's motion will be denied.

## I. BACKGROUND

Zhang's complaint alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and also appeared to raise a claim of criminal perjury under 18 U.S.C. § 1621. See Compl. at 1.[1] Zhang

---

[1] Because only a prosecutor may bring criminal charges, any allegation of criminal conduct must be summarily dismissed.

named as defendant "Rolls-Royce, Seaworthy Systems, Inc." (hereinafter, "Seaworthy" or "defendant").[2] According to the complaint, the plaintiff was hired on March 25, 2009 by Aerotek, a staffing company, to work for Aerotek's client Seaworthy for six months in a position that Zhang described as "a contractor to permanent employee position, after half year work." Compl. ¶ 1. There was no contract or written evidence appended to the complaint to support that description of the job; however, the plaintiff did attach two of the defendant's emails, which suggest there was a possibility of permanent employment following his temporary status.

> Zhenlu, from Seaworthy's perspective, you were not able to meet our expectations with the work. And since you were brought in as a temporary employee, it is up to the discretion of Seaworthy to continue with you or not after the evaluation period. And the firm has decided not to move forward with your employment.

See Compl., Ex. 4 (email of Mallesh Murugesan, IT Project Manager at Seaworthy, dated Sept. 25, 2009).

> I am [sic] regret that the managers have decided no longer to extend your contract. The decision was carefully made after a complete evaluation of overall aspects of your performance and capabilities demonstrated in your work during the last 6 months.

See Compl., Ex. 6 (email of Eric Wang, Sept. 23, 2009).

---

[2] The complaint named Seaworthy Systems, Inc. and Rolls-Royce, which owns Seaworthy, as a single defendant; however, the allegations pertained exclusively to Seaworthy.

3

The bulk of the complaint detailed Zhang's allegedly excellent work on behalf of Seaworthy. He claimed his work was regularly praised and that he did not receive negative feedback during his six-month tenure with Seaworthy. See, e.g., Compl. ¶¶ 29, 31.

Zhang, who is approximately sixty-seven years old, alleged that the defendant discriminated against him due to his age when it did not make him a permanent employee. He attempted to support that theory by citing a statement by a colleague who referred to him using a Chinese prefix that can be translated to mean "old." Compl. ¶ 36. During the administrative proceeding,[3] this colleague, who was not a supervisor and who, like Zhang, is Chinese, maintained that it was a term of respect or endearment, a translation that Zhang adamantly disputed. Id. As further support, Zhang provided a chart showing the age at hiring date of fourteen employees, all of whom are younger than he. Id. ¶ 33. Finally, Zhang alleged that the man who "replaced" him was thirty-one years old and less able, which he argued demonstrated

---

[3] Zhang timely filed an administrative complaint with the City of Alexandria Office of Human Rights on March 19, 2010. See Compl. ¶ 27. The defendant responded to the complaint on May 5, 2010, see Mem. Supp. Def.'s Mot. for J. on the Pleadings at 4, but neither party has appended documents from or explained the outcome of that administrative proceeding.

4

that the defendant engaged in unlawful age discrimination. Id. ¶ 28.

Seaworthy filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) with a proper Roseboro notice [Dkt. No. 14]. After receiving an extension of time in which to respond, the plaintiff filed both an opposition and a sur-reply [Dkt. Nos. 33, 34, 36]. In support of its motion, the defendant argued that Zhang lacked standing to bring a claim for discriminatory discharge pursuant to the ADEA because he was never an employee of Seaworthy. See Mem. Supp. Def.'s Mot. for J. on the Pleadings ("Def.'s Mem.") at 4-5. Specifically, the defendant asserted that it was entitled to judgment on the pleadings because Zhang did not "plead sufficient facts to support a conclusion that he was an 'employee' of Seaworthy when Aerotek ended his assignment at Seaworthy." Id. at 5. On Friday, December 9, 2011, after oral argument, the Court granted the defendant's motion from the bench. This Memorandum Opinion amplifies the reasons for that decision and addresses the plaintiff's Motion for Reconsideration.

## II. DISCUSSION

### A. Standard of Review

#### 1. Motion for Reconsideration

A motion to reconsider is usually brought under Fed. R.

Civ. P. 59 or 60.[4] Motions to alter or amend final judgments under Fed. R. Civ. P. 59(e) may be granted if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)(citations omitted). The power to grant or deny a motion under Rule 59(e) is discretionary, and "[i]n general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted); see Robinson v. Wix Filtration Corp., 599 F.3d 403, 411 (4th Cir. 2010).

A motion for relief from judgment under Fed. R. Civ. P. 60(b) may be granted for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[4] In its opposition brief, the defendant assumes that Zhang is proceeding under Rule 59(e), yet because the plaintiff has not specified under which rule he seeks reconsideration, the Court has considered both.

6

(6) any other reason that justifies relief. Additionally, a movant under Rule 60(b) must "demonstrate the existence of a meritorious claim or defense" to the action. Square Constr. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981).

### 2. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) differs from Fed. R. Civ. P. 12(b)(6) only with respect to timing. The former is filed "after the pleadings are closed" whereas the latter may be filed in response to a complaint. See, e.g., Miller v. Ind. Hosp., 562 F. Supp. 1259, 1266 (W.D. Pa. 1983) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1369 (1968)).[5] When deciding a Rule 12(c) motion for judgment on the pleadings, courts apply the same standard used to evaluate a motion to dismiss pursuant to Rule 12(b)(6). Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In considering a motion under Rule 12(b)(6) or Rule 12(c), the Court must assume that the allegations in the non-moving party's pleadings are true. Republican Party of N.C. v. Martin,

---

[5] Because the defendant filed an answer in response to the complaint [Dkt. No. 6], it correctly moved for dismissal pursuant to Rule 12(c).

7

980 F.2d 943, 952 (4th Cir. 1992). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party," indicate that the dispute "can . . . be decided as a matter of law." O'Ryan v. Dehler Mfg. Co., 99 F. Supp. 2d 714, 718 (E.D. Va. 2000).

Although pleadings filed by a pro se party must be "liberally construed," see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations marks omitted), "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)(internal quotation marks omitted). "Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950.

### B. Alleged Discriminatory Discharge

The ADEA provides, in pertinent part:

> It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

8

29 U.S.C. § 623(a)(1).

The Fourth Circuit has held that "an 'individual' only has a cause of action under this provision if he is an 'employee.'" Mangram v. Gen. Motors Corp., 108 F.3d 61, 62-63 (4th Cir. 1997)(quoting Garrett v. Phillips Mills, Inc., 721 F.2d 979, 980 (4th Cir. 1983)). Because the ADEA defines "employee" simply as "an individual employed by any employer," 29 U.S.C. § 630(f), this circuit has elucidated the definition through the "Garrett factors," which require the Court to consider: (1) the control the putative employer exercises over the alleged employee; (2) the kind of occupation at issue; (3) the skill required in the particular occupation; (4) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (5) the length of time during which the individual has worked; (6) the method of payment; (7) the manner in which the work relationship is terminated; (8) whether annual leave is afforded; (9) whether the work is an integral part of the business of the "employer"; (10) whether the worker accumulates retirement benefits; (11) whether the "employer" pays social security taxes; and (12) the intention of the parties. See Mangram, 108 F.3d at 62-63.

In its motion to dismiss, the defendant argued that the two most important Garrett factors are the control that the putative

9

employer exercises over the alleged employee and the intent of the parties. Def.'s Mem. at 5; see also Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 449 (2003) ("We are persuaded by the EEOC's focus on the common-law touchstone of control . . . ."). The Fourth Circuit has explained that "[a]n individual who . . . exercises a significant amount of independence from the firm is not considered an employee." Mangram, 108 F.3d at 63.

Pointing to several allegations in the complaint, the defendant argued that "Zhang admits that Seaworthy exercised absolutely no control over his work" and had a "hands-off approach." Id. at 5-6. In fact, the plaintiff clearly alleged in his complaint that his work was highly independent. See Compl. ¶ 2 ("When Mr. Zhang began Jasper-report work, Seaworthy did not give him any information and suggestion."); id. ¶ 3 ("Mr. Zhang's Jasper-report pioneer task was not only extremely important and unusually difficult but also unusually risky and must finish independently."); id. ¶ 4 ("Mr. Zhang downloaded free Jasper-Assistant from internet, but there was no [sic] any explanation found either on paper publications or on internet. Mr. Zhang could only conduct his own independent study and use it repeatedly step by step from 04/2009 to 05/2009.").

With respect to the Garrett intent factor, the defendant

argued that, in the complaint, Zhang described himself as a "contractor" and acknowledged that the parties intended that Zhang would work in this capacity at Seaworthy's office on behalf of Aerotek. See Compl. at 1 ("Zhenlu Zhang . . . worked hard and did excellent pioneer Jasper report work in Rolls-Royce Seaworthy Systems Inc. (Seaworthy) as a contractor."); id. ¶ 1 (referring to himself as a "senior-level software engineer . . . hired as a contractor by Aerotek to work for Seaworthy with joiner-level salary"). The defendant maintained that the complaint itself demonstrated that Seaworthy, Aerotek, and Zhang never intended that Zhang be a Seaworthy employee during his six-month project. See Def.'s Mem. at 5-6.

Other Garrett factors also weighed strongly in favor of dismissal of plaintiff's claim. For example, Zhang's project was of a brief duration, just six months. See Mangram, 108 F.3d at 63 (finding plaintiff was not an employee where his "participation in the [defendant's] Program lasted for only twelve months and ended by its own terms"). Moreover, the plaintiff was paid by Aerotek and did not allege that the defendant paid Social Security taxes or withheld any taxes from his paycheck, or that he accumulated leave or other employment

benefits from the defendant. Id.[6]

In his Motion for Reconsideration, Zhang relies on an example from the EEOC manual, laid out in his complaint and his opposition to defendant's Rule 12(c) motion, to support his claim that he was an employee of defendant:

> Example 2 - A staffing firm hires CP and sends her to perform a long-term accounting project for a client. Her contract with the staffing firm states that she is an independent contractor. CP retains the right to work for others, but spends substantially all of her work time performing services for the client, on the client's premises. The client supervises CP, sets her work schedule, provides the necessary equipment and supplies, and specifies how the work is to be accomplished. CP reports the number of hours she has worked to the staffing firm, which pays her and bills the client. In these circumstances, despite the statement in the contract that CP is an independent contractor, she is an employee of both the staffing firm and the client.

EEOC Compliance Manual, Sec. 2-III.A.1, Example 2, May 12, 2000, available at http://www.eeoc.gov/policy/docs/threshold.html (last visited Dec. 4, 2011). In his previous filings, Zhang argued that he was an employee of both Seaworthy and Aerotek because he was assigned to what he described as a long-term project for Seaworthy, worked full-time hours on that project, and worked at Seaworthy offices with Seaworthy equipment. Pl.'s

---

[6] At the December 9, 2011 hearing, in response to the Court's questions, defense counsel stated that Seaworthy had not made tax withholdings or paid Social Security taxes with respect to Zhang.

12

Opp'n to Def.'s Mot. for J. on the Pleadings at 3-4.[7] He named the three supervisors who he claimed managed the project to which he was assigned and argued that these managers "specified how the work was to be accomplished by asking Zhang to use Jasper-Report." Id. at 3. Zhang asserted that any reference in the complaint to working independently was made only to demonstrate the quality of his work. Id. at 5.

The EEOC manual issue was fully addressed in the defendant's Motion for Judgment on the Pleadings, in which the defendant correctly argued that the EEOC manual is only persuasive authority and applies only to the extent that the Court finds that the facts are similar. Def.'s Reply Supp. Mot. J. on the Pleadings at 4-5. The EEOC manual is certainly not binding on the Court, and for the reasons stated during the December 9, 2011 hearing and in this Opinion, the Court finds that the allegations in the complaint do not adequately allege an employment relationship between the parties. To the contrary, as the complaint makes clear, the plaintiff was assigned to work on the defendant's project for a temporary, six-month period, with no guarantee of being kept on permanently. As such, by his own pleadings, the plaintiff failed to allege the required

---

[7] He may also have submitted electronic timesheets to Seaworthy. Id. at 4.

13

employment relationship which is a necessary predicate to filing an age discrimination complaint.

### C. Retaliation

The complaint also included a claim that the defendant illegally retaliated against the plaintiff by making "false accusations under oath to depreciate [sic] Mr. Zhang's performance." Compl. at 14; see also id. ¶ 31. This claim appears to relate to statements made during the administrative proceeding before the Alexandria Office of Human Rights (hereinafter, "OHR"). The ADEA shields employees who have engaged in protected activities from retaliation by their employers. 29 U.S.C. § 623(d). "To succeed on a retaliation claim, a plaintiff must prove that (1) she [or he] engaged in a protected activity, (2) the employer acted adversely against her [or him], and (3) there was a causal connection between the protected activity and the asserted adverse action." Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011)(citing Holland v. Wash. Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007)). The second element, an adverse employment action, requires a "tangible employment action" that results in a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant

change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).

The protected activity here was Zhang's complaint to the OHR in March 2010, approximately six months after his temporary project with Seaworthy ended in September 2009. See Compl. ¶¶ 21, 29. Because the alleged adverse action at issue - negative statements made by Seaworthy during the administrative proceeding about Zhang's work performance - took place six months after Zhang's work for Seaworthy had ended, as a matter of law, Seaworthy's statements cannot be considered an adverse employment action because these statements could not have in any way changed the terms and conditions of Zhang's employment with Seaworthy.

No case law supports the plaintiff's view that affidavits submitted during an administrative proceeding following a plaintiff's termination could serve as the basis for a retaliation claim. Even in cases involving negative performance reviews of a current employee, the negative evaluation "must impact the terms and conditions of employment to be considered an adverse employment action." See Klein v. N.Y. Univ., 786 F. Supp. 2d 830, 846 (S.D.N.Y. 2011) (requiring plaintiff to show "material disadvantage" to his employment status from negative evaluation); accord Moore v. Ashcroft, 401 F. Supp. 2d 1, 24-

15

25 (D.D.C. 2005). Because the alleged retaliation occurred six months following termination of Zhang's contract to work on a Seaworthy project and because Zhang's alleged adverse employment action consists solely of critical affidavits submitted by the defendant to the OHR, the plaintiff's retaliation claim was dismissed.

### D. Motion for Reconsideration

In his Motion for Reconsideration, the plaintiff has not provided any grounds meriting reconsideration of the Court's prior ruling under either Rule 59(e) or 60(b).[8] Specifically, he has failed to point to an intervening change in controlling law, new evidence not previously available through diligence, clear error of law, or a manifest injustice. See, e.g., Robinson, 599 F.3d at 411; Pacific Ins. Co., 148 F.3d at 403. Likewise, the plaintiff has offered nothing in the way of argument or evidence that would implicate any of the bases for reconsideration under Rule 60(b).

As defendant correctly argues, the plaintiff "has not brought this Motion under any of the . . . permissible grounds laid out in" Fourth Circuit case law; instead, he seeks simply

---

[8] The plaintiff asks the Court to cite Supreme Court case law in support of its ruling; however, this request is meritless, as controlling law may originate from sources other than the United States Supreme Court. The Fourth Circuit decisions in Mangram and Garrett, for example, are binding on this Court, unlike directives of the EEOC.

16

to restate the argument he made in responding to the defendant's motion to dismiss. Def.'s Opp'n to Mot. for Recons. at 3. A motion for reconsideration is "not authorized when it is nothing more than a request for the district court to change its mind." Lee X v. Casey, 771 F. Supp. 725, 728 (E.D. Va. 1991)(citing United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)) (discussing Rule 60(b)); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.")(internal quotation marks omitted). For these reasons, the Court will not alter its decision.

### III. CONCLUSION

For the reasons stated in open court on December 9, 2011 and in this Memorandum Opinion, the Court has dismissed the plaintiff's complaint. Moreover, the Court finds that oral argument on the plaintiff's Motion for Reconsideration would not assist the decisional process and that the plaintiff has provided no new evidence or law to support the motion. Accordingly, the Motion for Reconsideration will be denied by an Order to accompany this Opinion.

Entered this 5th day of January, 2012.

Alexandria, Virginia

17

/s/ 
Leonie M. Brinkema
United States District Judge